IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIFFANY PALOMO, on behalf of herself and those similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GMRG ACQ1, LLC, et al.,**<br><br>**Defendants.** | Case No. 2:22-cv-02181-HLT-KGG |

## MEMORANDUM AND ORDER

Plaintiff Tiffany Palomo brings this putative collective action against her employer Defendant GMRG ACQ1, LLC ("GMRG") and its officers and subsidiaries. GMRG operates Pizza Hut stores in Kansas, Nebraska, and other states. Plaintiff claims that Defendants violate the Fair Labor Standards Act ("FLSA") and Nebraska state law by failing to pay minimum wages to their pizza delivery drivers.[1] Defendants move to compel arbitration and dismiss the case. Doc. 16. The Court finds that the parties entered into a valid and enforceable contract to arbitrate. The contract is not unconscionable. Plaintiff waived the right to bring a collective action, and the caselaw governing court approval of collective action settlements does not nullify that waiver. The Court compels arbitration and stays the case pending completion.

**I.    BACKGROUND**

Plaintiff delivers pizza for Defendants. Plaintiff electronically reviewed and signed a two-page arbitration agreement when GMRG hired her in 2020. The agreement governs any claims against GMRG relating to her employment, including wages, compensation, and expense

---

[1] Plaintiff works for GMRG in Nebraska. Neither party identifies a difference in the law that would prompt a choice-of-law analysis. But Plaintiff cites Tenth Circuit and Kansas cases in her brief, and Defendants cite Eighth Circuit and Nebraska law. The Court likewise does not discern a difference in the law that impacts this case.

reimbursement. Plaintiff waived the right to bring a collective or class action against GMRG and agreed to arbitrate disputes only in her individual capacity.

Plaintiff does not deny entering the agreement. Instead, she claims the agreement is unenforceable and unconscionable. Plaintiff bases her enforceability argument on the theory that a party cannot be compelled to submit FLSA claims to arbitration. And she argues the agreement is unconscionable both procedurally and substantively because of the unequal bargaining power between employer and employee.

## II.     STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, broadly applies to written arbitration agreements in contracts "evidencing a transaction involving commerce." *Id.* at § 2. It states that such agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.*; *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1622 (2019) (observing that arbitration agreements can be invalidated under general contract defenses). The FAA evinces "a liberal federal policy favoring arbitration agreements," and questions of arbitrability must be resolved with this policy in mind. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

Arbitration is a contractual matter. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). And the courts decide whether a contract creates a duty for the parties to arbitrate a dispute unless the parties unmistakably provide otherwise.[2] *Id.* A court initially determines whether a valid arbitration agreement exists, and it next determines whether the dispute falls within the scope of the agreement. *Id.* at 649. The party seeking to compel arbitration bears

---

[2]   Here, the Court decides the issue because the agreement states that "[a]ll issues are for the arbitrat[or] to decide, except that issues relating to arbitrability, the scope or enforceability of this of this Agreement to Arbitrate, or the validity, enforceability, and interpretation of its prohibitions of class and representative proceedings, shall be for a court of competent jurisdiction to decide." Doc. 16-2 at 2.

2

the burden to show an agreement is valid and enforceable. *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019); *Jacks v. CMH Homes, Inc.*, 856 F.3d 1301, 1304 (10th Cir. 2017) (holding that the party seeking to compel arbitration bears the burden when the existence of a valid arbitration agreement is challenged). But a party seeking to avoid a valid contract through an affirmative defense like unconscionability bears the burden on that defense. *Schuelke v. Wilson*, 587 N.W.2d 369, 374 (Neb. 1998); *Santana v. Olguin*, 208 P.3d 328, 332 (Kan. Ct. App. 2009).

## III.  ANALYSIS

Plaintiff does not meaningfully challenge whether she entered into a valid and binding arbitration agreement or whether her claims are within the scope of the agreement. The Court nevertheless briefly assures itself that the agreement is valid and that Plaintiff's claims fall within it before addressing Plaintiff's two overarching arguments: that the agreement is unenforceable and unconscionable.

### A.  Plaintiff Entered a Valid Arbitration Agreement that Covers Her Claims

Basic contract law governs whether the parties entered a binding arbitration agreement. This, of course, requires (1) an offer, (2) acceptance, and (3) consideration. *Blinn v. Beatrice Cmty. Hosp. & Health Ctr.*, 708 N.W.2d 235, 245 (Neb. 2006). The undisputed evidence shows Defendants offered the agreement by providing it during Plaintiff's employment onboarding process. Plaintiff received the agreement, had the opportunity to review it, and accepted it by electronically signing the agreement. She continued employment with Defendants after receiving the agreement, which also constitutes her acceptance. And the agreement provides that both parties are bound to arbitrate. This constitutes sufficient consideration. *Heineman v. Evangelical Lutheran Good Samaritan Soc'y*, 912 N.W.2d 751, 756 (Neb. 2018). The Court therefore determines that a valid arbitration agreement exists.

The terms of the agreement cover claims concerning the very matters raised in Plaintiff's complaint: wages, expense reimbursement, and compensation. By entering the agreement, Plaintiff agreed to arbitrate "any claims" between the parties. She also agreed to bring those claims as an individual in arbitration and not as a collective or class action. All these terms relate directly to Plaintiff's complaint, and her claims fall within the scope of the agreement to arbitrate.

### B. Plaintiff Has Not Shown that the Arbitration Agreement is Unenforceable or Unconscionable[3]

Plaintiff attempts to avoid arbitration by arguing that the agreement is unenforceable or unconscionable. The Court disagrees.

#### 1. The Arbitration Agreement is Not Unenforceable

Plaintiff argues the arbitration agreement is unenforceable because FLSA collective actions may not be subject to arbitration.[4] Plaintiff makes this argument despite a wealth of caselaw permitting and compelling arbitration of FLSA claims in cases like this one. Plaintiff attempts to distance her case from this body of caselaw by arguing that she brings a new theory to the table that courts have not yet considered or rejected.[5] Her new theory is that FLSA settlements require court approval, so compelled arbitration is illegal because it frustrates this requirement.[6] Plaintiff's theory is unavailing.

---

[3] Plaintiff spends much of her brief challenging arbitration as a fair and effective forum to resolve disputes. She argues that the Supreme Court's recent decision in *Morgan v. Sundance, Inc.* requires courts to "reconsider the existing precedents and interpretive frameworks." Doc. 22 at 13 (citing 142 S. Ct. 1708, 1713-14 (2022)). The Court disagrees. Nothing in *Sundance* requires this Court to ignore years of precedent and binding caselaw to make a policy statement about the role of arbitration in modern-day disputes. The Court declines to do so.

[4] All Plaintiff's arguments center on her FLSA claims—not her state-law claims. The Court finds nothing unenforceable or unconscionable about the arbitration contract as to Plaintiff's state-law claims. Those claims are subject to arbitration, and the Court declines to discuss them further.

[5] At least one court has rejected Plaintiff's new argument. *See Mainville v. College Town Pizza, Inc.*, No. 0:21-cv-2699-WMW-TNL, Doc. 86 (D. Minn. 2022) (compelling arbitration); *id.* at Doc. 48 (making same arguments in plaintiff's brief in opposition to motion to compel arbitration as Plaintiff in this case makes).

[6] The Department of Labor may also approve a settlement, but DOL approval is not relevant here, so the Court does not discuss it further.

Plaintiff essentially claims that the FAA conflicts with the FLSA. But this argument "faces a stout uphill climb." *Epic Sys. Corp.*, 138 S. Ct. at 1624. Parties claiming that two statutes are irreconcilable bear a heavy burden to show "a clearly expressed congressional intention" that one statute should apply over the other. *Id.* Litigants have asked the Supreme Court many times to find a conflict between the FAA and other federal statutes. *Id.* The Supreme Court has rejected all but one (which has since been overruled). *Id.* at 1627. And every circuit to consider whether the FLSA permits individualized arbitration agreements has found that it does. *Id.* at 1626 (citation omitted); *see also Reeves v. Enter. Prod. Partners, LP*, 17 F.4th 1008, 1010 (10th Cir. 2021); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1054 (8th Cir. 2013) ("[O]ur conclusion is consistent with all of the other courts of appeals that have considered this issue and concluded that arbitration agreements containing class waivers are enforceable in FLSA cases."). Plaintiff's argument about FLSA settlement approvals does not require a different result. No basis exists to find a statutory conflict because neither the Eighth Circuit nor the Tenth Circuit has decided whether all FLSA settlements require judicial oversight. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019); *Mpia v. Healthmate Int'l, LLC*, 2021 WL 2805374 at *1 n.3 (D. Kan. 2021). And such a requirement is not found in the text of the FLSA. *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 403 (2d Cir. 2019). Plaintiff has not shown a statutory conflict that would prohibit arbitration in FLSA cases.

Another reason Plaintiff's position fails is that her argument conflates a private settlement of claims and a bargained-for arbitration process. She suggests they are essentially the same so both require judicial (or Department of Labor) oversight of FLSA claim resolution. But settlement and arbitration are two distinct processes. And the Circuits who require judicial approval of FLSA settlements still allow arbitration of FLSA claims. *Compare Lynn's Food Stores, Inc. v. United*

5

*States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (requiring judicial approval of an FLSA settlement) *with Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1335 (11th Cir. 2014) (enforcing collective action waiver in arbitration agreement). The Court also retains the option to review the terms of a settlement agreement if the parties reach settlement before the arbitrator renders a decision. This is particularly true if the Court stays the case instead of dismissing it as Defendants request.

Plaintiff's last argument is that the "secretive nature" of arbitration proceedings render the agreement unenforceable. But Plaintiff cites no authority for this position (other than cases espousing the need for FLSA settlements to be subject to public scrutiny). Again, a settlement differs from arbitration. And there are procedures for confirming, correcting, modifying, or vacating arbitration awards, which would put the arbitration outcome in the public record. *See* 9 U.S.C. §§ 9-11. The Court finds no validity in Plaintiff's theory. Plaintiff has not met her burden to show that the FLSA conflicts with the FAA and thus renders her arbitration agreement unenforceable.

### 2. The Arbitration Agreement is Not Unconscionable

Plaintiff also argues the arbitration agreement is unconscionable both procedurally and substantively. Plaintiff challenges the agreement procedurally because Defendants had superior bargaining power and presented the agreement on a take-it-or-leave-it basis. Plaintiff challenges the agreement substantively based on its alleged one-sided benefit. Neither argument is availing.

Procedurally the agreement is not unconscionable. The procedural inquiry looks at the disparity in bargaining positions. *Hollins v. Debt Relief of Am.*, 479 F. Supp. 2d 1099, 1106 (D. Neb. 2008). But an adhesive contract (one where the party with superior bargaining power drafts an agreement and presents it take-it-or-leave-it basis) is not automatically unconscionable. *Id.*; *see*

6

*also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991) ("Mere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context.").

Defendants may have presented the agreement from a superior bargaining position. But Plaintiff had time to review the agreement and could have elected not to sign it and find different employment. The agreement is short (two pages), readable, and in normal typeface. And Defendants' presentation of the agreement on a take-it-or-leave-it basis does not render it inequitable. *See Rice v. ESIS, Inc.*, 2022 WL 3108096, at *4 (D. Neb. 2022); *Ed Bozarth Chevrolet, Inc. v. Black*, 96 P.3d 272, 279-80 (Kan. Ct. App. 2003). Plaintiff has presented no evidence from which the Court can find procedural unconscionability.

Neither is the agreement substantively unconscionable. The substantive inquiry looks at the terms and whether they were grossly unfair at formation. *Hollins*, 479 F. Supp. 2d at 1106. The terms of the agreement are equally balanced; the obligations and benefits are the same for both parties. And GMRG agrees to pay the arbitrator's fees and any filing fee more than a court filing fee. Plaintiff has not shown the terms are grossly unfair.

**IV.   CONCLUSION**

The Court compels arbitration of all claims in this case. The Court also exercises its discretion and stays this case rather than dismissing it because a stay is the preferred method of managing a case that is in arbitration. And the Court denies Plaintiff's motion to send notice to similarly-situated employees as moot (Doc. 6) because the case will be in individual arbitration.

THE COURT THEREFORE ORDERS that Defendants' motion to compel arbitration (Doc. 16) is GRANTED.

THE COURT FURTHER ORDERS that the action is STAYED. The parties shall jointly file a status report six months from today or, alternatively, when the arbitration is resolved, whichever is earlier.

THE COURT FURTHER ORDERS that Plaintiff's motion to send notice to similarly-situated employees (Doc. 6) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: September 23, 2022        /s/  *Holly L. Teeter*
                                                                    HOLLY L. TEETER
                                                                    UNITED STATES DISTRICT JUDGE