IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TIFFANY PALOMO, on behalf of herself and those similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**GMRG ACQ1, LLC, et al.,**<br><br>Defendants. | Case No. 2:22-cv-02181-HLT-BGS |

**ORDER**

This Fair Labor Standards Act ("FLSA") case was stayed pending arbitration in 2022. Doc. 25. In 2024, the arbitration reached a final resolution. Plaintiff Tiffany Palomo moves to lift the stay and for confirmation of the arbitration award. Doc. 40. Defendants have not opposed the motion. For the reasons stated below, the motion is granted.

The unopposed motion to confirm states that Plaintiff worked at Defendants' restaurant from November 2020 until June 2023. Doc. 40 at 1-2. The parties agreed to arbitrate disputes. *Id.* at 2. Plaintiff subsequently alleged that Defendants violated the FLSA and the Nebraska Wage and Hour Act ("NWHA") for failing to pay her minimum wage after accounting for unreimbursed vehicle costs. *Id.* After this Court compelled arbitration, Doc. 25, an arbitrator took up the matter and entered orders on January 11, 2024, June 24, 2024, and September 25, 2024 ("Arbitration Awards"), Doc. 40 at 2-3. In sum, the Arbitration Awards awarded Plaintiff $4,915.18 in damages, $157,411 in attorneys' fees, and $7,093.50 in costs, totaling $169,419.68. The arbitrator ordered Defendants to pay the award by October 30, 2024, plus 7% interest per annum on any unpaid balance after that date. *Id.* at 3. Defendants have not paid anything to date. *Id.* Plaintiff now requests that the Court lift the stay and confirm the Arbitration Awards. *Id.* at 7.

Judicial review of an arbitration award is very narrow. *Torgerson v. LCC Int'l, Inc.*, 2023 WL 1396479, at *4-5 (D. Kan. 2023). The Federal Arbitration Act ("FAA") provides for judicial confirmation of arbitration awards:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Absent one of the limited reasons to vacate an arbitration award, a court ordinarily must confirm. *Torgerson*, 2023 WL 1396479, at *5. Deciding whether to confirm an arbitration award is a two-step inquiry. *Id.* at *8. First, the movant must establish subject-matter jurisdiction. *Id.* Second, the movant must establish that the parties agreed explicitly or implicitly to judicial confirmation. *Id.*; *see also Int'l Label Serv., Inc. v. Engineered Data Prods., Inc.*, 15 F. App'x 717, 719 (10th Cir. 2001).

There is no opposition to the motion to confirm. The Court thus finds there are no grounds to vacate, modify, or correct the Arbitration Awards under 9 U.S.C. § 9. The Court turns to the two-step inquiry to determine whether confirmation is otherwise proper.

First, the Court finds it has subject-matter jurisdiction. "[B]ecause the FAA does not create any independent federal-question jurisdiction, there must be diversity of citizenship or some other independent basis for federal jurisdiction before a federal court can act under the FAA." *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 866 (10th Cir. 1999) (internal quotation and citation omitted). Here, the case was brought pursuant to the FLSA, a federal statute. The Court has federal-

question jurisdiction under 28 U.S.C. § 1331.[1] Further, when the Court granted the parties' joint motion to compel arbitration, it stayed the case rather than dismissing it. Doc. 25 at 7. The Court has therefore retained jurisdiction to confirm the arbitration award. *See Dodson Int'l Parts, Inc. v. Williams Int'l Co. LLC*, 12 F.4th 1212, 1227 (10th Cir. 2021) ("There appears to be no dispute that when a court with subject-matter jurisdiction orders arbitration and then stays the suit pending resolution of the arbitral proceedings, that court retains jurisdiction to confirm or set aside the arbitral award.").

Second, the Court finds the parties agreed to judicial confirmation of any arbitration award. The arbitration agreement states that it is governed by the FAA. It also states that the American Arbitration Association ("AAA") will administer the arbitration and the "prevailing employment dispute resolution rules of the AAA will apply." Doc. 40-5 at 2. Based on this, the Court finds that Plaintiff has established that the parties agreed to judicial confirmation of the arbitration award. *See P & P Indus., Inc.*, 179 F.3d at 867-68 (finding implicit agreement to judicial confirmation where parties agreed to arbitration with the AAA, which incorporated AAA rules, and those rules provide for judicial confirmation).

Accordingly, the Court has subject-matter jurisdiction and the parties agreed to judicial confirmation. Confirmation is proper.

THE COURT THEREFORE ORDERS that Plaintiff's Combined Motion to Lift Stay and Confirm Arbitration Award (Doc. 40) is GRANTED. The Court lifts the stay previously entered and confirms the Arbitration Awards issued January 11, 2024, June 24, 2024, and September 25, 2024, in the matter styled *Tiffany Palomo v. GMRG ACQ1, LLC*, AAA Case # 01-22-0004-7815.

---

[1] Any claims brought under the NWHA would be subject to supplemental jurisdiction. *See* 28 U.S.C. § 1367.

THE COURT FURTHER ORDERS that judgment be entered in favor of Plaintiff in the amount of $169,419.68, plus 7% interest per annum on any unpaid balance after October 30, 2024.[2, 3]

IT IS SO ORDERED.

Dated: December 20, 2024     /s/ *Holly L. Teeter*
                             HOLLY L. TEETER
                             UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's motion includes a request for an award of fees and costs incurred in pursuing confirmation. Doc. 40 at 7. But there is nothing in the record to support such an award.

[3] The docket reflects that Bryce Seiffert consented to join as an opt-in plaintiff before the case was referred to arbitration. *See* Doc. 15. When the case was referred to arbitration, the Court denied a pending motion to send notices to similarly situated employees because the arbitration was to be an individual arbitration as to Palomo, the only named Plaintiff in the complaint. *See* Doc 25 at 7. This case was never certified as a collective action, conditionally or otherwise. Seiffert, as an opt-in plaintiff, is therefore dismissed without prejudice. *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1094 (D. Kan. 2012) ("If the claimants are not similarly situated, the district court decertifies the class, the opt-in plaintiffs are dismissed without prejudice, and the class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims." (cleaned up)).